PER CURIAM.
 

 After a non-jury trial pursuant to section 394.918(4), Florida Statutes,
 
 [1]
 
 the trial court entered an order finding that “the State has proven by clear and convincing evidence that [Appellantj’s mental condition remains such that it is not safe for [him] to be at large and that, if released, [Appellant] is likely to engage in acts of sexual violence” and, based on this finding, the trial court recommitted Appellant to the custody of the Department of Children and Family Services under the Jimmy Ryce Act. Appellant timely filed a motion
 
 *935
 
 for new trial arguing, among other things, that the State did not meet its burden of proof. In ruling on the motion, the judge made comments suggesting that he was under the impression that the trial was only a probable cause hearing. The judge did not appear to be under this impression at the trial, however, as reflected in both the order on appeal and the oral ruling in which the judge resolved the conflicts in the evidence and explained why Appellant should be recommitted. Accordingly, because we cannot determine whether the trial court applied the incorrect standard at trial or misspoke when ruling on the motion for new trial, we reverse the order denying the motion for new trial and remand for clarification and, if necessary, reconsideration of the motion in light of this opinion.
 

 REVERSED and REMANDED.
 

 BENTON, C.J, WETHERELL, and RAY, JJ., concur.
 

 [1]
 

 . Contrary to the State’s argument in its brief, the record clearly establishes that the order on appeal resulted from a trial under section 394.918(4), not a probable cause hearing under subsection (3).